# PAUL ARPIN VAN LINES, INC.

## CARRIER'S AGENCY AGREEMENT AND COMPENSATION SCHEDULE

THIS AGREEMENT, entered into at West Warwick, Rhode Island, this __th day of ____________, 1998 by and between Paul Arpin Van Lines, Inc. of East Greenwich, Rhode Island hereinafter referred to as "Carrier", and **Santiego Moving & Storage Co., Inc.** of **Valley Cottage, New York** herein after referred to as "Agent", WITNESS THAT,

The Carrier, is authorized by the Department of Transportation (Department) under Certificate No. 621 ("Certificate") to transport household goods as defined by the Department.

The Carrier is authorized by the Department under Certificate No. 621 as a contract carrier;

The Agent is not a regulated common or contract carrier of household goods as defined by the Commission under the Interstate Commerce Act, as revised; and

The Carrier desires to appoint the Agent, and the Agent desires to accept such appointment, with the limited powers and authority herein set forth.

In consideration of the mutual covenants and agreements hereinafter specified the "Carrier" does hereby appoint the "Agent" as an Agent in the city of **Valley Cottage**, state of **New York** without limiting the Carrier's right to transact business within said city (town or county) and surrounding geographic area whether for its own account or through one or more other agents. The Agent is appointed for the purposes hereinafter specified, and for no other purpose, with the privileges herein granted, all subject to the terms and conditions hereof, and the Agent hereby accepts such appointment subject in every respect to the terms and conditions hereof: Except as may be set forth in Exhibit "A" attached hereto and incorporated by reference herein.

2. Peaceably and cooperatively surrender to the Carrier, upon request, any and all shipments in its possession, whether for transportation or held in storage in transit, and all documentation pertaining thereto, the Agent hereby acknowledging and agreeing that at no time and for no reason whatsoever (including but not limited to, disputes concerning settlement of accounts between the Carrier and the Agent) shall the Agent have any legal interest in, right of custody or possession of, or title to any shipment (or in any documentation pertaining thereto) in the Agent's possession or, coming into the Agent's possession, and moving, or scheduled to move, pursuant to a shipper's purchase order or Order for Service under the interstate or intrastate operating authority of the Carrier, the Agenr further acknowledging and agreeing that the Carrier shall have the exclusive discretionary right of determining, during the term and after the termination of this Agency Agreement, whether or not the Agent shall have the privilege of retaining such shipments (and documentation pertaining thereto) in its custody and/or of performing any service whatsoever with respect thereto;

3. At the option and explicit direction of the Carrier; retain shipments in storage in transit in the Agent's custody, subsequently deliver said shipments to consignee in conformity with the Carrier's tariff, or surrender said shipments to the Carrier when so directed by the Carrier;

4. Collect any and all charges due the Carrier and forthwith remit such money to the Carrier immediately upon delivery of any shipment which Agent was permitted to retain;

5. Forthwith upon termination of the Agency created by this Agreement the Agent shall obliterate from the Agent's equipment, warehouse, office facilities, and premises all identification reflecting the Agent's affiliation with the Carrier, including but not limited to operating certificate numbers of the Carrier and identification bearing the name "Arpin" or "Paul Arpin Van Lines, Inc.", alone or in combination with other words or phrases, or any other phrases, trade names, trademarks, service marks, or slogans that are now, or during the effective period of this Agreement, may be owned or used by the Carrier, whether or not the same are registered or recorded, it being understood and agreed that for each day that the Agent fails to comply herewith, the sum of two-hundred dollars ($200) as and for liquidated damages and not as a penalty shall be payable to the Carrier by the Agent, and in addition thereto, the Carrier may, without notice to the Agent and without bond, apply for and secure injunctive relief.

6. Forthwith cease to hold himself/herself out as an authorized Agent of the Carrier or to solicit or book any shipments in the name of the Carrier, and, further shall also forthwith terminate business usage of any bills of lading, estimate and cube sheet forms, pamphlets, stationary, business cards, and advertising materials (including media video's, brochures, flyers, postcards, envelopes, letterhead stationery, business cards, and any other forms of communication material intended to convey a commercial message) bearing the name "Arpin" or Paul Arpin Van Lines, Inc., alone or in combination with other words or phrases, or any other phrases, trade names, trademarks, service marks, and slogans that are now, or during the effective period of this Agreement, may be, owned or used by the Carrier, whether or not the same are registered or recorded, it being understood and agreed that for each day that the Agent fails to comply herewith, the sum of two- hundred dollars ($200.00) as and for liquidated damages and not as a penalty shall be payable to the Carrier by the Agent, and in addition thereto, the Carrier may, without notice to the Agent and without bond, apply for and secure injunctive relief;

7. Discontinue the Carrier telephone directory advertising at the earliest issue of the directory;

8. Upon demand by the Carrier, return to the Carrier all Bills of Lading, forms, supplies, manuals, advertising material, stationary, business and registration plates, estimates, and order for service forms, obtained by Agent through or furnished by the Carrier; and all other identifying insignia or papers obtained by or on behalf of the Carrier;

9. Execute and surrender all documents which require such action in the interest of the Carrier;

10. For each day that the Agent fails to comply with the provisions of Section V (F) 1 through 9 hereof and with respect to each such provision with which the Agent fails to comply, the sum of two-hundred dollars ($200.00) as and for liquidated damages and not as a penalty shall be payable, to the Carrier by the Agent, and in addition thereto, the Carrier may, without notice to the Agent and without bond, apply for and secure injunctive relief, it being expressly agreed between the parties that the exact amount of damage sustained by the Carrier as a result of the Agent's failure to comply with such provisions will be difficult, if not impossible to determine;

11. Become liable to the Carrier for damages and expenses, including attorney's fees, interest, and costs of litigation, which the Carrier may incur to enforce compliance,
    in the event Agent fails or refuses to comply fully with the provisions of this Agreement.

**SECTION IX - PAINTING ALLOWANCE**

Carrier agrees to paint and decal three (3) straight trucks in the first 18 months of this agreement. Agent is responsible to submit two estimates before and send pictures of completed work prior to being reimbursed.

**SECTION X GOVERNING LAW**

This Agreement is delivered in and shall be construed under the laws of the state of Rhode Island, without reference to conflict of laws principles. ANY LITIGATION IN CONNECTION WITH OR RELATING TO THIS AGREEMENT SHALL BE BROUGHT ONLY IN A COURT HAVING JURISDICTION AND VENUE AT PROVIDENCE, RHODE ISLAND, AND EACH OF THE PARTIES WAIVES TRIAL BY JURY AND CONSENTS TO AND CONFERS PERSONAL JURISDICTION ON ANY SUCH COURT OR COURTS. The term "Carrier" shall include Carrier's successors, endorsees and assigns.

IN WITNESS WHEREOF, the parties hereto have caused these presents to be executed on the 16th day of April, 1998.

ATTEST

[signature]

Secretary

Paul Arpin Van Lines, Inc.

By [signature: Jack Fuyat]
Jack Fuyat
Vice President of Corporate Affairs

Santiego Moving & Storage Co. Inc.

By [signature]
Its President

[signature]
Individually